# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CRIMINAL INDICTMENT NO. |
| | : | 1:09-CR-0406-TCB-JFK-2 |
| BENJAMIN STANLEY, | : | |
|     Defendant | : | |

## UNITED STATES MAGISTRATE JUDGE'S FINAL
## REPORT AND RECOMMENDATION

Defendant, Benjamin Stanley, currently is serving a 192-month sentence based on his fraud convictions in this Court entered under the above criminal docket number. (Doc. 283). The matter is before the Court on Defendant's "Motion to vacate, set-aside, correct or remand for dismissal a jury guilty verdict under F.R.Civ.P. 60(b)." (Doc. 317).

The Court entered Defendant's judgment and commitment order on February 24, 2012. (Doc. 283). Defendant has appealed to the Eleventh Circuit Court of Appeals, where his counseled appeal currently remains pending. United States v. Stanley, No. 12-11126 (11th Cir. filed Mar. 1, 2012). In this Court, Defendant has filed a *pro se* "Motion to vacate, set-aside, correct or remand for dismissal a jury guilty verdict under F.R.Civ.P. 60(b)." (Doc. 317). Defendant states that he is filing his

motion to redress the following "grievances": the lack of a fair trial, a violation of his Sixth Amendment rights, the prevention of his presentation of evidence, ineffective assistance of counsel, and the use of criminal rather than contract law in his criminal case. (Id. at 1).

As a general rule, "a defendant may not seek collateral relief while his direct appeal is pending." United States v. Khoury, 901 F.2d 975, 976 (11th Cir. 1990); see also United States v. Casaran-Rivas, 311 F. App'x 269, 272 (11th Cir. 2009) ("[A]bsent extraordinary circumstances, a defendant may not seek collateral relief while his direct appeal is pending, as the outcome of the direct appeal may negate the need for habeas relief."). Based on the grievances for which Defendant states that he seeks redress, the Court finds no extraordinary circumstances that warrant the pursuit of collateral proceedings while Defendant's direct appeal is pending. Further, the Court has no authority under Fed. R. Civ. P. 60(b) to review or modify Movant's federal convictions or sentences. See United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998) ("Rule 60(b) simply does not provide for relief from judgment in a criminal case[.]"). This action should be dismissed without prejudice as premature.

For the reasons stated above,

**IT IS RECOMMENDED** that Defendants' "Motion to vacate, set-aside, correct or remand for dismissal a jury guilty verdict under F.R.Civ.P. 60(b)[,]" (Doc. 317), be **DISMISSED** without prejudice as premature.

The Clerk of Court is **DIRECTED** to withdraw the referral of the above motion to the Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED**, this 3rd day of July, 2013.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

3