IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | CRIMINAL ACTION FILE |
| v. | ) | |
| | ) | NUMBER 1:09-cr-406-TCB-JFK-2 |
| BENJAMIN STANLEY, | ) | |
| | ) | |
| Defendant. | ) | |

## **O R D E R**

This matter is before the Court on Defendant Benjamin Stanley's

objections [320] to Magistrate Judge King's Report and Recommendation

[318], which recommends that Stanley's motion "to vacate, set-aside,

correct, or remand for dismissal a jury guilty verdict under F.R.Civ.P.

60(b)" [317] be dismissed without prejudice as premature. Also pending is

Stanley's motion for summary judgment [321].

A district judge has a duty to conduct a "careful and complete" review

of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732

(11th Cir. 1982) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th

Cir. 1982)).[1]  This review takes different forms depending on whether there are objections to the R&R.  The district judge must "make a de novo determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1)(C).  In contrast, those portions of the R&R to which no objection is made need only be reviewed for clear error.  *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).[2]

"Parties filing objections must specifically identify those findings objected to.  Frivolous, conclusive or general objections need not be considered by the district court." *Nettles*, 677 F.2d at 410 n.8.  "This rule facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act." *Id.* at 410.

---

[1] The Eleventh Circuit has adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981, as well as all decisions issued after that date by the Unit B panel of the former Fifth Circuit. *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982); *see also United States v. Schultz*, 565 F.3d 1353, 1361 n. 4 (11th Cir. 2009) (discussing the continuing validity of *Nettles*).

[2] *Macort* dealt only with the standard of review to be applied to a magistrate's factual findings, but the Supreme Court has held that there is no reason for the district court to apply a different standard to a magistrate's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Thus, district courts in this circuit have routinely applied a clear-error standard to both. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373–74 (N.D. Ga. 2006) (collecting cases).  This is to be contrasted with the standard of review on appeal, which distinguishes between the two. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (when a magistrate's findings of fact are adopted by the district court without objection, they are reviewed on appeal under a plain-error standard, but questions of law remain subject to de novo review).

The district judge also has discretion to decline to consider arguments that were not raised before the magistrate judge.  *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009).  Indeed, a contrary rule "would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court."  *Id.* (quoting *United States v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000)).

After conducting a complete and careful review of the R&R, the district judge may accept, reject or modify the magistrate judge's findings and recommendations.  28 U.S.C. § 636(b)(1)(C); *Williams*, 681 F.2d at 732.  The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.  28 U.S.C. § 636(b)(1)(C).

The Court has conducted a careful, de novo review of the report and recommendation and Stanley's objections thereto.  Having done so, the Court finds that Magistrate Judge King's factual and legal conclusions were correct and that Stanley's objections have no merit.  Specifically, as set forth in the R&R, Stanley may not seek collateral review while direct appeal of his conviction is pending.  *United States v. Khoury*, 901 F.2d 975, 976 (11th Cir. 1990); *see also United States v. Casaran-Rivas*, 311 F. App'x 269, 272 (11th Cir. 2009) ("[A]bsent extraordinary circumstances, a defendant

may not seek collateral relief while his direct appeal is pending, as the outcome of the direct appeal may negate the need for habeas relief.").  No extraordinary circumstances exist to warrant departure from this rule. Stanley also may not seek review under Federal Rule of Civil Procedure 60(b).  *See United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998) ("Rule 60(b) simply does not provide for relief from judgment in a criminal case . . . .").  Finally, in his motion for summary judgment Stanley reiterates his premature claims in a different form, making no effort to argue his claims are not untimely.

The Court ADOPTS AS ITS ORDER the R&R [318].  The Court DISMISSES without prejudice as premature Stanley's motion "to vacate, set-aside, correct, or remand for dismissal a jury guilty verdict under F.R.Civ.P. 60(b)" [317]. Stanley's motion for summary judgment [321] is likewise DENIED.

IT IS SO ORDERED this 26th day of August, 2013.

_____
Timothy C. Batten, Sr.
United States District Judge