IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| BENJAMIN STANLEY, | : | MOTION TO VACATE |
|    Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL INDICTMENT NO. |
| | : | 1:09-CR-0406-TCB-JFK-2 |
| UNITED STATES OF AMERICA, | : | |
|    Respondent. | : | CIVIL FILE NO. |
| | : | 1:13-CV-4147-TCB-JFK |

## UNITED STATES MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION

Movant, Benjamin Stanley, currently is serving a 192-month sentence based on his fraud convictions in this Court entered under the above criminal docket number. (Doc. 283). The matter is before the Court on Movant's second "Motion to vacate, set-aside, correct or remand for dismissal a jury guilty verdict under F.R.Civ.P. 60(b)." (Doc. 332).

The Court entered Movant's judgment and commitment order on February 24, 2012. (Doc. 283). Movant has appealed to the Eleventh Circuit Court of Appeals, where his counseled appeal currently remains pending. United States v. Stanley, No. 12-11126 (11th Cir. filed Mar. 1, 2012). Movant states that his current motion to vacate pertains to his wrongful conviction, the effect of his prior home confinement on his ability to challenge the charges against him, and ineffective assistance of

counsel. (Doc. 332 at 1-2). Movant also states that he has attached argument regarding testimony and cross examination in his criminal case, his own analysis of capital funding, and affidavits by Movant that analyze various other matters. (Id. at 3).

As a general rule, "a defendant may not seek collateral relief while his direct appeal is pending." United States v. Khoury, 901 F.2d 975, 976 (11th Cir. 1990); see also United States v. Casaran-Rivas, 311 F. App'x 269, 272 (11th Cir. 2009) ("[A]bsent extraordinary circumstances, a defendant may not seek collateral relief while his direct appeal is pending, as the outcome of the direct appeal may negate the need for habeas relief."). The Court finds no extraordinary circumstances that warrant the pursuit of collateral proceedings while Movant's direct appeal is pending. Further, the Court has no authority under Fed. R. Civ. P. 60(b) to review or modify Movant's federal convictions or sentences. See United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998) ("Rule 60(b) simply does not provide for relief from judgment in a criminal case[.]"). This action should be dismissed without prejudice as premature.

For the reasons stated above,

**IT IS RECOMMENDED** that Movant's "Motion to vacate, set-aside, correct or remand for dismissal a jury guilty verdict under F.R.Civ.P. 60(b)[,]" (Doc. 332), be **DISMISSED** without prejudice as premature.

The Clerk of Court is **DIRECTED** to withdraw the referral of the above motion to the Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED**, this 2nd day of January, 2014.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

3