IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | CRIMINAL ACTION FILE |
| ) | |
| BENJAMIN STANLEY,   ) | NUMBER 1:09-cr-406-TCB-JFK-2 |
| ) | |
| Defendant.   ) | |

**O R D E R**

This matter is before the Court on Defendant Benjamin Stanley's objections [343] to Magistrate Judge King's Report and Recommendation [340], which recommends that Stanley's motion "to vacate, set-aside, correct, or remand for dismissal a jury guilty verdict under F.R.Civ.P. 60(b)" [332] be dismissed without prejudice.

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th

Cir. 1982)).[1]  This review takes different forms depending on whether there are objections to the R&R.  The district judge must "make a de novo determination of those portions of the [R&R] to which objection is made."  28 U.S.C. § 636(b)(1)(C).  In contrast, those portions of the R&R to which no objection is made need only be reviewed for clear error.  *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).[2]

"Parties filing objections must specifically identify those findings objected to.  Frivolous, conclusive or general objections need not be considered by the district court."  *Nettles*, 677 F.2d at 410 n.8.  "This rule facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act."  *Id*. at 410.

---

[1] The Eleventh Circuit has adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981, as well as all decisions issued after that date by the Unit B panel of the former Fifth Circuit.  *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982); *see also United States v. Schultz*, 565 F.3d 1353, 1361 n. 4 (11th Cir. 2009) (discussing the continuing validity of *Nettles*).

[2] *Macort* dealt only with the standard of review to be applied to a magistrate's factual findings, but the Supreme Court has held that there is no reason for the district court to apply a different standard to a magistrate's legal conclusions.  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Thus, district courts in this circuit have routinely applied a clear-error standard to both.  *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373–74 (N.D. Ga. 2006) (collecting cases).  This is to be contrasted with the standard of review on appeal, which distinguishes between the two.  *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (when a magistrate's findings of fact are adopted by the district court without objection, they are reviewed on appeal under a plain-error standard, but questions of law remain subject to de novo review).

The district judge also has discretion to decline to consider arguments that were not raised before the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009). Indeed, a contrary rule "would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court." *Id.* (quoting *United States v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000)).

After conducting a complete and careful review of the R&R, the district judge may accept, reject or modify the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1)(C); *Williams*, 681 F.2d at 732. The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1)(C).

The Court has conducted a careful, de novo review of the report and recommendation and Stanley's objections thereto. Having done so, the Court finds that Magistrate Judge King's factual and legal conclusions were correct and that Stanley's objections have no merit. Specifically, as set forth in the R&R, Stanley may not seek review under Federal Rule of Civil Procedure 60(b). *See United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998) ("Rule 60(b) simply does not provide for relief from judgment in a criminal case . . . .").

Magistrate Judge King alternatively construed Stanley's Rule 60(b) motion as a petition for habeas corpus under 28 U.S.C. § 2255. Even if construed as such, Magistrate Judge King found it was premature and must be dismissed because his direct appeal is still pending.

Stanley vigorously objects to construction of his Rule 60(b) motion as one for habeas relief under § 2255. *See* [332] at 1 (describing the construction of his Rule 60(b) motion as a § 2255 petition as "plain error"), 1A ("[T]his court violated Movant's rights under the Constitution of the United States . . . by construing [his] FRCIPP [sic] 60(b) [motion] . . . as 2255 filings."), 18 ("Stanley has not filed a 28 USC 2255 Motion because the Direct Appeal process is incomplete."). But the issue of construction is academic; either way, his motion must be dismissed.

The rationales for dismissing Stanley's filing—whether it is a Rule 60(b) motion or a petition under § 2255—are clear. If the Court considers it a Rule 60(b) motion, as Stanley suggests, the rationale for dismissal appears in Stanley's own objections. In one of many disjointed block quotations, Stanley writes that Rule 60(b) permits a litigant to "move for relief from an otherwise final judgment in a civil case." *Id.* at 4. This is, of

course, a criminal case.3  As explained above (and several times before, both by the Court and Magistrate Judge King), Civil Rule 60(b) does not apply to criminal cases.  *See Mosavi*, 138 F.3d at 1366.  It provides no avenue for relief for Stanley.

Likewise, if the Court construes Stanley's filing as a § 2255 petition, it must be dismissed because his direct appeal is pending.  *See United States v. Khoury*, 901 F.2d 975, 976 (11th Cir. 1990) ("The general rule is that a defendant may not seek collateral relief while his direct appeal is pending.").  Since the R&R issued, the Eleventh Circuit has affirmed Stanley's conviction.  *See United States v. Stanley*, 739 F.3d 633 (11th Cir. 2014).  But his direct appeal is still pending: a case becomes final when the time for seeking a writ of certiorari to the Supreme Court expires.  *See Clay v. United States*, 537 U.S. 522, 532 (2003).  And Stanley has ninety days "after entry of judgment" in the Eleventh Circuit to seek a writ of certiorari.  SUP. CT. R. 13(1).  The Eleventh Circuit opinion issued on January 6, 2014,

---

3 Rule 60(b) does provide a "limited basis[] for a party to seek relief from a final judgment in a habeas case."  *Id.* (quoting *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007)).  But there has been no final habeas judgment.  As discussed above, Stanley himself argues he has not filed a § 2255 petition, let alone faced judgment on one.  And his filings show that he seeks to use Rule 60(b) to overturn his guilty verdict, not a habeas judgment.  That is demonstrated most obviously by the very style of his motion, which he named as one to "vacate, set-aside, correct, or remand for dismissal a *jury guilty verdict* under F.R.Civ.P. 60(b)."  *Id.* at 1 (emphasis added).

so Stanley's time for seeking certiorari has not expired.  His direct appeal is still pending, making his § 2255 petition premature.

Finally, Stanley expresses a desire to rescind or discontinue prosecuting this motion, whatever it may be.  *See* [332] at 13 ("Stanley . . . move[s] this Court to discontinue any further processing related to this procedure.  Stanley rescinds this 2nd Report and Recommendation of Magistrate Judge."), 18 ("[T]he Federal Rule of Civil Procedure 60 (b) [motion] which the district court construed as a [28 U.S.C. § 2255] motion is Rescinded because this Court continues to misapply the laws and direct filings into venues of a massive cover-up.").  The Court is not unwilling to oblige.

The Court ADOPTS AS ITS ORDER the R&R [340].  The Court DISMISSES without prejudice Stanley's motion "to vacate, set-aside, correct, or remand for dismissal a jury guilty verdict under F.R.Civ.P. 60(b)" [332].

IT IS SO ORDERED this 18th day of February, 2014.

_____
Timothy C. Batten, Sr.
United States District Judge