IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BENJAMIN F. STANLEY,        ) | MOTION TO VACATE |
| Movant,       ) | 28 U.S.C. § 2255 |
| ) | |
| v.       ) | CRIMINAL FILE |
| ) | NUMBER 1:09-cr-406-TCB |
| UNITED STATES OF AMERICA,  ) | |
| Respondent.       ) | CIVIL ACTION FILE |
| ) | NUMBER 1:15-cv-060-TCB |

## O R D E R

This case is currently before the Court on Magistrate Judge Janet F. King's Report and Recommendation (the "R&R") [367]. No objection to the R&R has been filed.

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982)).[1] This review may take different forms, however,

---

[1] The Eleventh Circuit has adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981, as well as all decisions issued after that

depending on whether there are objections to the R&R. The district judge must "make a de novo determination of those portions of the R&R to which objection is made." 28 U.S.C. § 636(b)(1)(C). In contrast, those portions of the R&R to which no objection is made need only be reviewed for clear error. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).[2]

After conducting a complete and careful review of the R&R, the district judge may accept, reject or modify the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1)(C); *Williams*, 681 F.2d at 732. The district judge may also receive further evidence or

---

date by a Unit B panel of the former Fifth Circuit. *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982); *see also United States v. Schultz*, 565 F.3d 1353, 1361 n. 4 (11th Cir.2009) (discussing the continuing validity of *Nettles*).

[2] *Macort* dealt only with the standard of review to be applied to a magistrate's factual findings, but the Supreme Court has held that there is no reason for the district court to apply a different standard to a magistrate's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Thus, district courts in this circuit have routinely applied a clear-error standard to both. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373–74 (N.D. Ga. 2006) (collecting cases). This is to be contrasted with the standard of review on appeal, which distinguishes between the two. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (when a magistrate's findings of fact are adopted by the district court without objection, they are reviewed on appeal under a plain-error standard, but questions of law remain subject to de novo review).

recommit the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1)(C).

The Court has conducted a careful and complete review of the R&R and finds no clear error in its factual or legal conclusions. Therefore, the Court ADOPTS AS ITS ORDER the R&R [367]. Petitioner's case is DISMISSED, and Petitioner is DENIED a certificate of appealability ("COA"). Should Petitioner wish to appeal the Court's decision, he must seek a COA from the U.S. Court of Appeals for the Eleventh Circuit pursuant to Fed. R. App. P. 22. The Clerk is DIRECTED to close the case.

IT IS SO ORDERED this 16th day of September, 2015.

_____
Timothy C. Batten, Sr.
United States District Judge